UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DENNIS SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )   No.: 16-cv-4182-JBM |
| | ) |
| JAMES MORTON, et al., | ) |
| | ) |
| Defendants. | ) |

### MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and detained at the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis. [ECF 3]. The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

Plaintiff is civilly detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq*. Plaintiff alleges that on August 18, 2016, he was being escorted to a hearing in Cook County by defendant writ officers Morton, Moody and Clevenger. Plaintiff asserts that his arms and legs were shackled as he approached the entrance to the courthouse. He noticed puddle of water in front of the entrance door, and asked that defendants to hold onto his arms. Plaintiff claims that he fell because Defendants did not assist him in safely traversing the puddle. He claims to have hurt his back, neck and arm although the only medical treatment he received from medical personnel was Tylenol pain pills.

## ANALYSIS

The constitutional rights of a detainee are derived from the Due Process Clause of the Fourteenth Amendment as opposed to an inmate's rights under the Eighth Amendment. *Board v. Farnham,* 394 F.3d 469, 477 (7th Cir .2005) (citing *Bell v. Wolfish,* 441 U.S. 520, 535 n.16, (1979). The Seventh Circuit Court of Appeals applies the same standard to claims arising under the Fourteenth Amendment for pretrial detainees as it does to claims brought by convicted prisoners under Eighth Amendment. *Williams v. Dart*, No. 12- 3514, 2014 WL 1491334, at *2 (N.D. Ill. Apr. 15, 2014) (internal citations omitted). To successfully plead deliberate indifference, a plaintiff must allege that the defendant was deliberately indifferent to a serious risk of substantial harm. "Deliberate indifference is a mental state approaching intent: the defendant need not intend harm, but he must know that an excessive risk exists to the plaintiff's health and safety if no corrective action is taken." *Vines v. Hepp*, No. 07-956, 2007 WL 3342583, at *2 (E.D. Wis. Nov. I, 2007) (internal citations omitted). Pleading mere negligence

fails to establish a constitutional violation, and accidents due to unsafe conditions upon a premises are, generally, a "textbook case of negligence". *Christopher v. Buss,* 384 F.3d 879, 882 (7th Cir. 2004).

As a rule, the courts have found that "prisoner slip-and-fall claims almost never serve as the predicate for constitutional violations." *Ashlock v. Sexton*, No.14-360, 2016 WL 3476367, at *3 (S.D. Ind. June 27, 2016) (internal citations omitted). "[F]ailing to provide a maximally safe environment, one completely free from ... safety hazards is not [a form of cruel and unusual punishment]." *Velazquez v. Kane Cty. Jail Adult Judicial Ctr.*, No. 13-0644, 2013 WL 523827, at *2 (N.D. Ill. Feb. 11, 2013), citing *Carroll v. DeTella,* 255 F.3d 470, 472–73 (7th Cir. 2000). "Imprudently walking too far ahead of the shackled plaintiff [who fell],was not so fragrantly dangerous as to rise to the level of a constitutional violation." *Velazquez* at *2. *See also, Fuller v. Kirkland Correct. Inst.*, No. 10-1524, 2010 WL 3192918, at *3 (D.S.C. June 25, 2010) (plaintiff who slipped on water on cell floor failed to allege a condition sufficiently serious to implicate constitutional protection).

The courts will impose Eight Amendment liability, however, if the situation is sufficiently hazardous. *See Ashlock* at *4, "[r]equiring an inmate to descend stairs, with his hands cuffed behind his back, in sandals, without any assistance or means with which to brace himself, is sufficiently hazardous under the Eighth Amendment." In the case at hand, however, Plaintiff has not pled a sufficiently hazardous situation. It does not appear that the officers knew that the Plaintiff's crossing a puddle on a flat surface, in front of a doorway, while shackled, posed an excessive risk to his health and safety, requiring action on their parts. *See Christopher,* 384 F.3d at 882. Furthermore, the injuries Plaintiff received were apparently treated with and

ameliorated by Tylenol, an over-the-counter medication. *See Pinkston v. Madry*, 440 F.3d 879, 891 (7th Cir. 2006) (minor injury insufficient to sustain constitutional claim).

Plaintiff's complaint also requests injunctive relief enjoining Defendant from allowing him to be "taken on any more unsafe writs" without securing his safety. A federal court may not, however, order injunctive relief where there is no underlying constitutional violation. "[I]t is important to remember that judicial powers may be exercised only on the basis of a constitutional violation." *Swann v. Charlotte–Mecklenburg Bd. of Educ.,* 402 U.S. 1, 16 (1971).

The Court FINDS that the allegations here are insufficient to make out a plausible claim against the Defendants on any Constitutional ground as Defendants were not deliberately indifferent during their transport of Plaintiff and Plaintiff did not suffer an injury sufficient to sustain an Eighth Amendment claim. As there is no Constitutional violation, the complaint is DISMISSED and Plaintiff's claim for injunctive relief does not survive.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's Petition to Proceed *in forma pauperis* [ECF 3], is DENIED. The complaint is dismissed with prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile as the facts cannot sustain a claim of Constitutional injury. This case is therefore closed. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2) This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.

3) Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

   10/28/2016                                                               s/Joe Billy McDade  
ENTERED                                                           JOE BILLY McDADE  
                                                                UNITED STATES DISTRICT JUDGE